Revised December 15, 1998

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-31325
_____


MIDWEST EMPLOYERS CASUALTY CO.,

Plaintiff-Appellant/Appellee,

versus

JO ANN WILLIAMS,[1]

Defendant-Appellee/Appellant.

_____

Appeals from the United States District Court for the
Western District of Louisiana
_____
November 24, 1998

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Midwest Employers Casualty Co. ("Midwest") appeals the

district court's supplemental memorandum ruling ordering it to

pay workers' compensation benefits and medical expenses to Willie

Williams. We dismiss the appeal for lack of jurisdiction.

_____

[1]Defendant/appellee/appellant Willie Williams died intestate on
October 19, 1998. Accordingly, Jo Ann Williams, administratrix of
Willie Williams's estate, has been substituted as
defendant/appellee/appellant in this matter.

The magistrate[2] set forth the supplemental memorandum ruling on October 15, 1997. On November 3,[3] Midwest filed a motion for a new trial. Williams opposed that motion, stating that under Federal Rule of Civil Procedure 59, Midwest had only ten days following the supplemental memorandum ruling in which to file its motion. While Midwest's motion for a new trial was pending, Midwest's time for filing a notice of appeal expired. On November 26, the magistrate denied Midwest's motion for a new trial as untimely. On December 9, Midwest filed a motion to extend the time for filing an appeal,[4] which Williams opposed. On December 11, the magistrate extended Midwest's time to appeal until December 21. Under Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time for filing a notice of appeal if the party seeking to appeal demonstrates "excusable neglect" or "good cause" for its earlier failure to file. The magistrate found that Midwest's counsel had misread Federal Rule of Civil Procedure 6(e)[5] to apply to judgments served by mail and

[2]By consent of the parties and a referral from the district court, the case was decided by Magistrate Judge John Simon.

[3]All dates are 1997.

[4]Under Federal Rule of Appellate Procedure 4(a)(4), the timely filing of a Rule 59 motion for a new trial extends the time available for filing a notice of appeal. An *untimely* post-judgment motion, however, does not affect the time for filing an appeal. *See Knapp v. Dow Corning Co.*, 941 F.2d 1336, 1338 (5th Cir. 1991).

[5]Federal Rule of Civil Procedure 6(e) states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other

mistakenly believed he had three extra days to file the motion for a new trial. According to the magistrate, the misreading of Rule 6(e) constituted "excusable neglect" for purposes of Rule 4(a)(5). The magistrate therefore extended Midwest's time to file an appeal because that time had lapsed while Midwest waited for a ruling on a post-judgment motion that it believed was timely filed. Williams appeals the magistrate's decision to extend Midwest's time to appeal, contending that the magistrate abused his discretion and this Court is without jurisdiction to hear Midwest's appeal.

We review the magistrate's decision for abuse of discretion, *see Latham v. Wells Fargo Bank*, 987 F.2d 1199 (5th Cir. 1993), and we agree that the magistrate did abuse his discretion in granting Midwest additional time to file its appeal.

This Court's recent opinion in *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465 (5th Cir. 1998) informs our decision. In *Halicki*, an employment discrimination case, the district court granted summary judgment for the defendants, after which the plaintiff, Halicki, had 30 days to file a notice of appeal. Mistakenly believing that he had extra time under Rule 6(e) because the judgment was served by mail, Halicki's counsel filed a Rule 59(e) motion two days late. A timely Rule 59(e) motion

---

paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period."

3

would have suspended the 30-day period for filing an appeal.
Instead, the time for filing notice of appeal lapsed while
Halicki's counsel waited for a ruling on the Rule 59(e) motion.
The district court refused to extend Halicki's time to appeal,
holding that misreading Rule 6(e) to apply to judgments served by
mail did not constitute excusable neglect under Appellate Rule
4(a)(5). This Court affirmed:

> Apparently unaware that the plain language of the
> rules, well-settled hornbook law, and every other
> circuit to address the issue had rejected the
> applicability of rule 6(e) to Rule 59(e), [Halicki's]
> attorney waited until the tenth day to mail the rule
> 59(e) motion, causing it to arrive at the district
> court two days late.
> . . . .
> . . . . The nature of Halicki's mistake weighs
> heavily against a finding of excusable neglect.
> Although in *Clark* we left open the possibility
> that some misinterpretations of the federal rules may
> qualify as excusable neglect, such is the rare case
> indeed. Where, as here, the rule at issue is
> unambiguous, a district court's determination that the
> neglect was inexcusable is virtually unassailable. Were
> it otherwise, "almost every appellant's lawyer would
> plead his own inability to understand the law when he
> fails to comply with a deadline."

*Halicki*, 151 F.3d at 467-70 (quoting *Advanced Estimating Sys.,
Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)).

One significant fact separates *Halicki* from the instant
case. In *Halicki*, we reviewed a district court's decision *not* to
grant additional time to file the notice of appeal; here, we
review the magistrate's decision to grant the additional time.
Courts of appeal often give more leeway to a district court's

decision to grant an extension than they give to a district court's refusal to do so. *See* Charles Alan Wright et al., *Federal Practice and Procedure* § 3950.3 (2d ed. 1996). Such additional leeway notwithstanding, however, the magistrate's decision here cannot survive. We remain mindful of the "excusable neglect" standard set forth by *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S. Ct. 1489 (1993):

> [T]he determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S. Ct. 1489 (quoted in *Halicki*, 151 F.3d at 468).[6] Other than stating that Williams would not suffer undue prejudice, the magistrate relied solely on "the different application of the 3-day extension rule" being a "trap for the unwary" when he found excusable neglect. As *Halicki* states, the nature of this very mistake "weighs heavily against a finding of excusable neglect." We therefore find that the magistrate judge

---

[6]*Pioneer Investment* discussed the meaning of "excusable neglect" under Bankruptcy Rule 9006(b)(1). Relying on the consistent use of "excusable neglect" in federal rules, this Court in *United States v. Clark*, 51 F.3d 42 (5th Cir. 1995), applied the *Pioneer Investment* discussion to Appellate Rule 4(a)(5) in criminal cases. *See id.* at 44. In *Halicki*, we extended *Pioneer Investment* under the *Clark* rationale to civil cases. *See Halicki*, 151 F.3d at 468.

abused his discretion in granting Midwest additional time to file notice of an appeal. *Accord Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132 (7th Cir. 1996) (overturning a grant of additional time to file notice of appeal where the plaintiff's attorney misapplied Federal Rule of Civil Procedure 6(b)); *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994) (reversing an order granting an enlargement of time under Rule 6(b) to file a motion for attorney's fees because an attorney's mistake about Rule 6(e) did not amount to excusable neglect). We continue to leave open the possibility that some misinterpretations of the federal rules could constitute excusable neglect, but we hold, as in the *Halicki* opinion, that this is no such "rare case indeed."

The dissent argues that *United States v. Evbuomwan*, No. 93-1738 (5th Cir. 1994) (unpublished opinion) (reported at 38 F.3d 89 (table case)), and *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202 (5th Cir. 1993), compel another result in this case. We find those cases inapposite. In *Evboumwan*, a criminal case, counsel misunderstood Federal Rule of Appellate Procedure 26(c), which extends by three days the time to respond to papers served by mail, to apply to notices of appeal. We noted that, under some circumstances and particularly in criminal cases, Rule 4(b)'s excusable-neglect provision could cover ignorance or neglect of counsel in filing late notices of appeal. *See Evbuomwan* at 2 (citing *United States v. Lewis*, 522 F.2d 1367, 1369 (5th Cir.

6

1975)). In the instant case, unlike in *Evbuomwan*, counsel did not misinterpret a rule governing the time to appeal. Instead, counsel allowed the appeal deadline to pass while he waited for a ruling on the motion for a new trial, even while Williams's opposition to the motion had already indicated that the motion may have been untimely. We cannot equate this with the good-faith misinterpretation of an appeal deadline that led to an equitable decision for the *Evbuomwan* criminal defendant. In *Lackey*, the district court extended time for filing an amended notice of appeal where the plaintiffs had used "et al." instead of listing all parties. The district court found that the original timely filed notice of appeal, although insufficient to invoke appellate jurisdiction, sufficed to put the parties on notice within the prescribed period. *See Lackey*, 990 F.2d at 206. In the instant case, Williams and Midwest both watched the deadline pass without a notice of appeal, and Williams had no reason to think that an appeal would come later. We find *Halicki*, which mirrored the facts of the instant case, more persuasive than either *Lackey* or *Evbuomwan*.

Midwest's notice of appeal was not timely filed, and there was no excusable neglect. This Court will not assume jurisdiction, and the appeal is DISMISSED.

EMILIO M. GARZA, Circuit Judge, dissenting:


The majority decides that the Magistrate Judge abused his discretion in enlarging the period to file a notice of appeal. Because our precedents establish that the Magistrate Judge committed no reversible error, I dissent.

I

The Clerk of Court entered in the docket an amended judgment rendered by the Magistrate Judge[7] in favor of Willie Williams[8] on October 16, 1997. A copy of the amended judgment was mailed to each party. On November 3, 1997, Midwest Employers Casualty Company ("Midwest") filed a motion for new trial. Williams opposed the request as untimely, arguing that it was filed more than ten days after the entry of judgment, in contravention of Federal Rule of Civil Procedure 59(b)'s plain language.[9] The Magistrate Judge agreed and denied Midwest's motion on November 26, 1997. In doing so, he rejected the contention that Federal Rule of Civil Procedure 6(e) adds three days to the period for seeking new trial when a

_____

[7]    The parties agreed to proceed before a Magistrate Judge. *See* 28 U.S.C. § 636(c).

[8]    Because Willie Williams died during this appeal's pendency, we have substituted his administratrix, Jo Anne Williams, as appellant. *See* FED. R. APP. P. 43(a).

[9]    Rule 59(b) requires that a motion for new trial "be filed no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(b).

party, like Midwest, receives the judgment in the mail.[10] Rule 6(e), he correctly observed, applies to periods triggered by service, while the time to move for new trial commences with the entry of judgment.

Because of its tardiness, Midwest's motion for new trial failed to postpone the start of the thirty-day period for filing a notice of appeal. The Magistrate Judge denied the motion after the last day of the thirty-day window (November 16, 1997). Consequently, on December 9, 1997, Midwest asked for additional time to file a notice of appeal and for expedited consideration of its request. The next day, the Magistrate Judge granted the motion and gave Midwest ten days to appeal. This disposition rested on a finding that Midwest's failure to file a timely notice of appeal was due to excusable neglect. The Magistrate Judge cited the following circumstances in support of his excusable neglect determination: (1) Midwest's dereliction arose from the belief of its attorney that the receipt of the amended judgment in the mail had the effect of adding three days to the period for filing a motion for new trial and; (2) Williams suffered no undue prejudice

---

[10] Rule 6(e) states the following:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

FED. R. CIV. P. 6(e).

from a grant of more time to appeal because an even longer delay would have occurred if the merits of the motion for new trial had required consideration. He also suggested that he considered the mistake to have been in good faith. Specifically, he noted that Midwest's counsel had submitted a sworn declaration that explained the reason for the failure to file a timely appeal and characterized our opinion in *United States v. Clark,* 51 F.3d 42 (5th Cir. 1995), as "indicat[ing] that a good faith misinterpretation of the three-day extension rule by counsel is exactly the type of thing that constitutes 'excusable neglect.'" Midwest filed a notice of appeal before the new deadline.

II

Federal Rule of Appellate Procedure 4(a)(5) permits the district court to extend the deadline for filing a notice of appeal "upon a showing of excusable neglect or good cause." FED. R. APP. R. 4(a)(5). When a party moves for more time after the deadline for appealing has passed, it must show excusable neglect; good cause does not suffice. *See Allied Steel, Gen. Contractor v. City of Abilene,* 909 F.2d 139, 143 n.3 (5th Cir. 1990); *see also* FED. R. APP. P. 4(a)(5) advisory committee's note (1979). The determination of whether or not a party's neglect is excusable "is at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S. Ct.

-10-

1489, 1498, 123 L. Ed. 2d 74, __ (1993).

> These include . . . the danger of prejudice to the [nonmovant] . . ., the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* A misinterpretation of unambiguous procedural rules usually goes against finding excusable neglect. *See id.* at 392, 113 S. Ct. at 1496, 123 L. Ed. 2d at ___. However, in some instances, other considerations may outweigh this negative factor and tip the balance in favor of allowing additional time.[11] *See id.* at 398-99, 113 S. Ct. at 1499-1500, 123 L. Ed. 2d at ___ (applying the excusable neglect standard).

We review a ruling on a motion to enlarge the period for filing a notice of appeal for abuse of discretion. *See Clark,* 51 F.3d at 43. An abuse of discretion occurs when we "ha[ve] a definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *Marx v. Loral Corp.,* 87 F.3d 1049, 1054 (9th Cir. 1996) (reviewing grant of a motion under Rule 4(a)(5)); *accord United States v. Walker,* 772 F.2d 1172, 1176 (5th Cir. 1985) (defining abuse of discretion); *see* 16A CHARLES ALAN WRIGHT ET AL.,

---

[11] Because excusable neglect has the same meaning across procedural contexts, I look not only to decisions regarding Rule 4(a)(5) but also to ones regarding other rules that include an excusable neglect requirement. *See Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 134 (7th Cir. 1996); *United States v. Clark,* 51 F.3d 42, 44 (5th Cir. 1995).

FEDERAL PRACTICE AND PROCEDURE § 3950.3 (2d ed. 1996) (stating that a grant of more time to appeal "rests largely in the discretion" of the district court and recommending that appellate courts "not second-guess" such a ruling). If we conclude that the district court abused its discretion in enlarging the period to file a notice of appeal, then we must dismiss for lack of jurisdiction. *See Nelson v. Foti,* 707 F.2d 170, 171 (5th Cir. 1983) ("a timely notice of appeal is a mandatory precondition to the exercise of our jurisdiction").

## III

Our opinion in *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465 (5th Cir. 1998), which involved facts identical to those underlying this appeal, informs the majority. In that case, Halicki's attorney filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) two days late as a result of his erroneous belief that Rule 6(e) applied to Rule 59(e).[12] *See id.* at 467. When Louisiana Casino Cruises, Inc. ("Casino Rouge"), objected to the motion as belated, Halicki's attorney, realizing his error, sought an extension of the deadline for appealing. *Id.* The district court concluded that the mistake of counsel failed to constitute excusable neglect and rejected the request. *Id.* We found no abuse of discretion in this denial and

---

[12] Rule 59(e) (like Rule 59(b)) requires that a motion to alter or amend judgment be "filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e).

affirmed. *Id.* at 470, 471. We observed:

> Where, as here, the rule at issue [i.e., Rule 59(e)] is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline."

*Id.* at 470. In reaching this conclusion, we were unpersuaded that a lack of prejudice to Casino Rouge offset the seriousness of counsel's mistake and shifted the balance in favor of finding excusable neglect. *See id.* at 469-70 n.4.

The majority, invoking *Halicki,* holds that the Magistrate Judge abused his discretion in granting Midwest further time to file a notice of appeal. I disagree. The Magistrate Judge's ruling, in my view, was a proper exercise of discretion. My conclusion finds support in our precedent.

## IV

Two of our cases, *United States v. Evbuomwan,* No. 93-1738 (5th Cir. 1994) (unpublished opinion) (reported at 38 F.3d 89 (table case)),[13] and *Lackey v. Atlantic Richfield Company,* 990 F.2d 202, 205 (5th Cir. 1993), establish that the Magistrate Judge did not err in extending the time to appeal. In *Evbuomwan,* Evbuomwan's attorney filed a notice of appeal two days late because of a failure to appreciate the apparent inapplicability of Federal Rule

---

[13] Although unpublished, *Evbuomwan* binds us. *See* 5th Cir. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent."); *see also* *Clark,* 51 F.3d at 44 (following one of *Evbuomwan's* holdings).

of Appellate Procedure 26(c), which lengthens by three days any prescribed period beginning upon service by mail,[14] to Federal Rule of Appellate Procedure 4(b), which requires the filing of a notice of appeal in a criminal case within ten days after the entry of judgment. *See Evbuomwan* at 2 (citing *Welsh v. Elevating Boats, Inc.,* 698 F.2d 230, 231-32 (5th Cir. 1983)). The district court lengthened the period for appealing because "the notice of appeal was filed two days late as a result of counsel's good faith misinterpretation of the rules, rather than from his simply miscalculating the date on which the notice was due." *Id.* We affirmed, concluding:

> There is no indication that the government [i.e., the nonmovant] was at all prejudiced by the delay or that it affected judicial proceedings. On the facts of this case, the district court did not abuse its discretion by accepting a notice of appeal filed in good faith, two days late.

*Id.* at 3. Our analysis reflected a determination that the district court had acted within its discretion in deeming the absence of prejudice, lack of adverse impact on judicial proceedings, and movant's good faith to trump counsel's misconstruction of the rules' plain language. *See id.* at 2-3.

*Evbuomwan* harkens back to *Lackey.* Lackey's attorney filed a notice of appeal using the phrase "et al." to identify parties, in violation of Federal Rule of Appellate Procedure 3(c), and failed

---

[14]    Rule 26(c) mirrors Rule 6(e). *Compare* FED. R. APP. P. 26(c) *with* FED. R. CIV. P. 6(e).

-14-

to specify the parties in the notice's body.[15] *See Lackey,* 990 F.2d at 205, 206. He finally realized his mistake and moved for more time to appeal nine days after the deadline for filing a notice. *See id.* at 205. Despite the egregiousness of the error))the Supreme Court, looking to the language of Rule 3(c), previously had held reliance on "et al." inadequate to identify parties to an appeal, *see Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 314, 108 S. Ct. 2405, 2407, 101 L. Ed. 2d 285, ___ (1988), and "extensive authority exist[ed] for the proposition that naming 'plaintiffs' in the body of the notice of appeal [was] . . . insufficient," *Lackey,* 990 F.2d at 206))the district court found excusable neglect and reset the deadline for appealing. *Id.* at 205, 206. We affirmed, offering the following explanation:

> The defendants argue that the district court abused its discretion because the plaintiffs do not point to any excusable neglect, other than inadvertence, and the case law requires something more. The plaintiffs did timely file a notice of appeal in this case. Although, the original notice of appeal was insufficient to invoke appellate jurisdiction, they sought to remedy that defect via a Rule 4(a)(5) motion. The district judge could have properly found that the defendants were not prejudiced by the extension because they were already on notice, within the prescribed time period, that the plaintiffs were waging an appeal. Furthermore, the Rule 4(a)(5) motion was made not long after the original defective notice of appeal was filed. We cannot conclude that the district judge abused his discretion and, thus, all of the

---

[15] Under the current Federal Rules of Appellate Procedure, the use of the phrase "et al." to identify parties is permissible. *See* FED. R. APP. P. 3(c) advisory committee's note (1993).

plaintiffs are properly before us.[16]

*Id.* at 206.  Like *Evbuomwan,* we held that the district court had committed no abuse of discretion in deciding that, despite the attorney's obvious error, other factors))an absence of prejudice to the nonmovant and the shortness of the delay caused))mitigated this circumstance enough to render the neglect excusable.  *Id.*

*Evboumwan* and *Lackey* lead me to conclude that the Magistrate Judge's enlargement of the period for filing a notice of appeal in this case was a proper exercise of discretion.  The Magistrate Judge confronted a failure by counsel to construe correctly unambiguous procedural rules))a mistake he apparently viewed as being  made in good faith))that caused neither prejudice to the nonmovant nor a significant delay in the judicial proceedings.[17] He concluded that counsel's good faith, the absence of meaningful

---

[16]    *Lackey,* in contrast to *Evbuomwan,* made no mention of the seminal explication of excusable neglect))the Supreme Court's opinion in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).  But its discussion echoes the application of the excusable neglect standard in *Pioneer. See id.* at 397, 398-99, 113 S. Ct. 1499, 1500, 123 L. Ed. 2d at ___.  As we decided *Lackey* about a month after *Pioneer* was announced, the similarity between the analyses in *Lackey* and *Pioneer* cannot be viewed as coincidental.  *Compare id.* at 380, 113 S. Ct. at 1489, 123 L. Ed. 2d at 74 (decided Mar. 24, 1993) *with Lackey,* 990 F.2d at 202 (decided Apr. 26, 1993).

[17]    The majority says that the failure of Midwest's attorney to file a notice of appeal after Williams, in his response to the motion for new trial, directed attention to Rule 59's language distinguishes this case from *Evbuomwan* and *Lackey.*  I disagree. Williams' response merely quoted Rules 6(e) and 59(b).  It did not apprise Midwest's attorney of something that he did not know.

prejudice, and the short length of the delay outweighed the unacceptableness of the reason for the delay and tipped the balance in favor of finding excusable neglect.[18] In *Evbuomwan* and *Lackey*, we found similar determinations based on nearly the same facts to be proper exercises of discretion. We, therefore, must hold that the Magistrate Judge in this case committed no abuse of discretion in finding excusable neglect and authorizing additional time to appeal.

V

The opinions to which the majority points, *Prizevoits v. Indiana Bell Telephone Company,* 76 F.3d 132 (7th Cir. 1996), and *Kyle v. Campbell Soup Company,* 28 F.3d 928 (9th Cir. 1994), fail to dissuade me.[19] In *Prizevoits,* Prizevoits' lawyer sought more time,

[18]   Although the Magistrate Judge did not note it, Midwest's effort to alleviate the delay by seeking and securing expedited consideration of its motion for additional time also is a factor in support of finding excusable neglect.

[19]   I focus on the parts of *Prizevoits* and *Kyle* assessing the facts under *Pioneer*'s excusable neglect standard, not those applying pre-*Pioneer* precedents. See 16A WRIGHT ET AL., *supra* § 3950.3 ("It is plain that Rule 4(a)(5) must now be read in the light of what Pioneer Investment held about 'excusable neglect' and that earlier decisions taking a different view of the concept are no longer authoritative."); *see also Prizevoits,* 76 F.3d at 135-36 (Eschbach, J., dissenting) ("The majority, however, chooses not to address the impact of *Pioneer* on our past decisions. Given the difference in tone between *Pioneer* and our past decisions, this choice is a dubious one."); *Mayberry v. Said,* No. 94-2416-JWL, 1996 WL 442046, at *2 (D. Kan. July 3, 1996) (questioning *Kyle's* authoritativeness because of its emphasis on pre-*Pioneer* holdings); 16A WRIGHT & MILLER, *supra* (arguably considering *Prizevoits* to be among the cases that "seem to reflect extremely strict notions of when an extension is permissible, notions that cannot have survived

pursuant to Federal Rule of Civil Procedure 6(b), to file a Rule 59(e) motion. *See Prizevoits,* 76 F.3d at 133. After the thirty-day period for appealing had passed, the district court denied the motion for a deadline extension as unsupported by Rule 6(b)'s plain language.[20] *See id.* Prizevoits' lawyer then filed a motion to enlarge the time for appealing. *See id.* He asserted that his recent retention, which resulted in ten days being too little time to prepare the Rule 59(e) motion, and the delay (nearly a month) in the district court's ruling justified a deadline extension. *See id.* The district court granted the motion, finding excusable neglect. *See id.* The Seventh Circuit disagreed and held the following:

> Here the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable. If there was "excusable" neglect here, we have difficulty imagining a case of inexcusable neglect. We do not think it can make a difference that no harm to the appellee has been shown. There is unlikely ever to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has only 30 days after the expiration of his time for appealing in which to request relief. The word "excusable" would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm.

*Id.* at 134.

*Kyle* also arose from the failure to understand a rule. Kyle's

---

the Supreme Court's decision in the Pioneer Investment case").

[20]    Rule 6(b) provides that "[t]he district court] may not extend the time for taking any action under Rule[] . . . 59(b), (d) and (e)." *See* FED. R. CIV. P. 6(b).

lawyer decided that he had, pursuant to Rule 6(e), three extra days to file a motion for attorney's fees since he had received the judgment in the mail. *See Kyle,* 28 F.3d at 929. However, Rule 6(e) was inapplicable because the pertinent local rule required the filing of motions for attorney's fees within thirty days of the entry of judgment.[21] *See id.* The lawyer's mistake resulted in the motion for attorney's fees being two days late. *See id.* Kyle consequently asked for an enlargement of the filing period. *See id.* Deeming counsel's error excusable neglect under Rule 6(b), the district court granted the motion. *See id.* The Ninth Circuit determined that this disposition was an abuse of discretion. *See id.* at 929-31. In doing so, it stated:

> [C]ounsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were not ambiguous. This form of neglect was not excusable. Although the Court in *Pioneer* recognized that "excusable neglect" is a flexible, equitable concept, the Court also reminded us that "inadvertence, ignorance of rules, or mistakes constructing the rules do not usually constitute 'excusable neglect.'" In this case, counsel has not presented a persuasive justification for his misconstruction of nonambiguous rules. Accordingly, there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.

*Id.* at 931-32. The good faith of Kyle's counsel, the conclusion

---

[21] A provision similar to the local rule was added to the Federal Rules of Civil Procedure subsequent to the events underlying *Kyle. See* FED. R. CIV. P. 54 advisory committee's note (1993) (adding subdivision on attorneys' fees, which includes the requirement that motions for attorney's fees be filed no later than fourteen days after the entry of judgment).

that the mistake did not reflect professional incompetence, and the lack of prejudice to the nonmovant failed to sway the Ninth Circuit to affirm.[22] *See id.* at 931.

The majority presumably considers the likeness of the circumstances in *Prizevoits* and *Kyle* to those in this case to dictate deeming the Magistrate Judge's finding of excusable neglect inappropriate.[23] However, even if the Magistrate Judge's decision fails to square with *Prizevoits* and *Kyle,* we still cannot reverse. *Evbuomwan* and *Lackey,* which also concerned circumstances similar to those here))certainly the facts in them are as similar to those in this case as are the ones underlying *Prizevoits* and *Kyle*))call for us to conclude otherwise. We must follow them, our precedents, rather than the decisions from other circuits that the majority favors, and hold that the Magistrate Judge committed no error.

VI

The majority seems to think that "[i]f misconstruction of a nonambiguous rule cannot, under [Fifth] . . . Circuit precedent

---

[22] The Ninth Circuit's appraisal of other factors appeared as a response to Kyle's argument that the excusable neglect standard set out in *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir. 1988), supported the district court's ruling. *See Kyle,* 28 F.3d at 931. This discussion is informative because *Pioneer* endorsed *Dominic's* understanding of excusable neglect, *see Pioneer,* 507 U.S. at 387 n.3, 113 S. Ct. at 1494 n.3, 123 L. Ed. 2d at ___ n.3 (citing the Third Circuit as among the appellate courts "adopt[ing] a more flexible approach" to excusable neglect).

[23] *Kyle's* facts are virtually indistinguishable from those in this case. The same, however, cannot so readily be said of the facts in *Prizevoits.* While Prizevoits' attorney failed to comprehend an explicit exception found in Rule 6(b), Midwest's attorney made the arguably less egregious error in not inferring from the unambiguous language of Rule 6(e) and Rule 59(e) the inapplicability of the former rule to the latter one.

-20-

[i.e., *Halicki*], constitute excusable neglect to justify an extension of time, it clearly would [be an] . . . abuse of discretion for the district court in this case to hold that [a misconstruction of a nonambiguous rule] . . . could constitute excusable neglect." *Committee for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 825 (9th Cir. 1996). This logic runs counter to the "equitable and discretionary nature of the trial judge's 'excusable neglect' determination." *Robb v. Norfolk & W. Ry.,* 122 F.3d 354, 362 (7th Cir. 1997).

The majority's rationale suggests that an attorney's misinterpretation of an unambiguous rule never can be excusable neglect, regardless of the circumstances. Such a perspective, however, is untenable, for it contravenes the contextual nature of the excusable neglect determination. *See Pioneer,* 507 U.S. at 395, 113 S. Ct. at 1498, 123 L. Ed. 2d at ___; *see also United States v. Brown,* 133 F.3d 993, 997 (7th Cir. 1998) ("But *Pioneer* made clear that the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling."), *cert. denied,* ___ U.S. ___, 118 S. Ct. 1824, 140 L. Ed. 2d 960 (1998). *But cf. Advanced Estimating Sys. v. Riney,* 130 F.3d 996, 998 (11th Cir. 1997) (holding, "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory

deadline" and providing no discussion of circumstances other than the attorney's error); *Yost,* 92 F.3d at 825 (finding that counsel's ignorance, "under this court's interpretation of *Pioneer* in *Kyle,* [removed the] . . . need for the court to consider expressly the equitable factors listed in *Pioneer*").

The majority's concern with parity of reasoning, moreover, gives short shrift to the discretion of lower courts. When reviewing rulings on motions for more time to appeal for abuse of discretion, we envision a range of acceptable outcomes, rather than a single correct disposition. *See Brown,* 133 F.3d at 996 ("We can disagree with the district court's decision, but we can reverse only if we find that granting the extension was an abuse of his discretion."); 1 STEVEN ALAN CHILDRESS & MARTHA S. DAVIS, FEDERAL STANDARDS OF REVIEW § 4.21 (2d ed. 1992 & Supp. 1997) ("many courts describe the point of abuse of discretion review as one permitting the judge to choose from several satisfactory options"); *cf. Koon v. United States,* 518 U.S. 81, 99, 116 S. Ct. 2035, 2047, 135 L. Ed. 2d 392, ___ (1996) (observing that abuse of discretion is the appropriate standard for reviewing highly contextual matters). *Halicki, Evbuomwan* and *Lackey,* taken together, exemplify what we contemplate. Given what they have held, a lower court may conclude that circumstances like those in this case either constitute excusable neglect or do not; both decisions are acceptable))that is, neither one leaves a firm conviction that a clear error in

judgment was committed. *Cf. Brown,* 133 F.3d at 997 (affirming grant of additional time to appeal but noting that, "[i]n a close case like this one, we might affirm a district court that refused to exercise lenity"). Therefore, affirming in this case creates no inconsistency in our jurisprudence on excusable neglect and extensions of time to appeal.[24]

V

The majority fails to recognize and apply precedents that require us to uphold the Magistrate Judge's finding of excusable neglect and enlargement of the period for filing a notice of appeal. Its oversight most likely will throw into disarray the law on when neglect is excusable so as to justify extension of the deadline for appealing. Ironically, this consequence will defeat the apparent goal of the majority's disposition))conformity in our decisions.

Accordingly, I dissent.

---

[24]    We have long appreciated how abuse of discretion necessitates that we give appropriate deference to lower court findings of excusable neglect. Years ago, in *Wansor v. George Hantscho Co.,* 570 F.2d 1202 (5th Cir. 1978), we commented:

> We do not hold that a bona fide misunderstanding or mistake as to the law by counsel will constitute excusable neglect. We recognize that such a proposition would make the requirement of timely filing almost undeterminable. All we decide here is that, viewing the facts and circumstances as whole, the District Judge did not abuse his discretion in granting an extended time for appeal.

*Id.* at 1205-06.