**UNITED STATES of America ex rel. SHAW ENVIRONMENTAL, INC., Plaintiff,**

v.

**GULF INSURANCE COMPANY, Defendant.**

**No. CIV.A.4:04 CV 94.**

United States District Court, E.D. Virginia, Newport News Division.

Jan. 14, 2005.

Curtis Gilbert Manchester, Esquire, Travis, Aaron, Sabaleski, Esquire, Reed Smith LLP, Richmond, VA, for Plaintiff.

### OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

On December 10, 2004, this court ordered plaintiff Shaw Environmental, Inc., to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendant within 120 days of filing of the complaint. Plaintiff's complaint was filed on August 9, 2004. Plaintiff responded on December 23, 2004, and at the same time moved for an extension of time to effect service, presumably pursuant to Federal Rule of Civil Procedure 6(b).

■ In its response to the court's Order, plaintiff stated that it served defendant's registered agent on December 6, 2004, with a request for waiver of formal service pursuant to Federal Rule of Civil Procedure 4(d), and that under that waiver defendant was given thirty (30) days to respond.[1] Therefore, according to plaintiff, since it served this request for waiver on defendant within the 120–day period required by Rule 4, dismissal is inappropriate.

Plaintiff is mistaken in its interpretation of Rule 4. Rule 4 requires that formal service be effected within 120 days of filing of the complaint. Rule 4(d) provides an alternative method of service, but that method must also be completed within 120 days of filing of the complaint in order to comport with subsection (m). There is no question that this is the appropriate interpretation of Rule 4. As Wright and Miller state, "[t]he procedure for requesting waiver of service obviously should not be used if the time for service of the summons under subdivision (m) will expire before the date on which the waiver must be returned.... [T]he district court generally should not grant an extension unless the defendant appears to have avoided an attempt to make service according to subdivision (e) or (h)." 4A Charles Alan Wright &

1. Rule 4(d) permits a plaintiff to request, through the mail, that a defendant waive formal service. The notice of the action and request to waive formal service must be in writing and addressed to defendant or an agent of defendant subject to service under Rule 4(h). Under Rule 4(d), the plaintiff must allow defendant a "reasonable time" to return the waiver, specified as at least 30 days from the date the request is sent. Formal service is not considered waived by defendant until the defendant returns the waiver and plaintiff files the waiver with the court. Therefore, merely sending the request for a waiver is not enough to satisfy the service requirement of Rule 4.

Arthur R. Miller, *Federal Practice and Procedure* § 1092.1 (3d ed.2002).

Rule 4(m) states:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). There is some question within the Fourth Circuit whether Rule 4(m) requires courts to dismiss a case for failure to effect service within 120 days, if good cause is not shown, or whether the rule grants courts discretion to either dismiss the case or extend the time period for service. In *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir.1995), the Fourth Circuit held that Rule 4(m) requires that an action be dismissed for failure to serve within 120 days absent good cause; however, this decision has been called into question by dicta in a Supreme Court case, and subsequently by several district court decisions. *See Henderson v. United States*, 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)(dictum)(recognizing that Rule 4(m) no longer conditions extensions for service of process upon a showing of good cause); *Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 527–28 (D.Md.1999)(stating that the continued vitality of *Mendez* is "seriously in doubt"). Under either interpretation of Rule 4(m), however, this court retains discretion to dismiss the action for failure to effect service, if it finds that good cause for the failure was not shown.

■ Plaintiff has, in fact, failed to show good cause for not properly serving defendant within the 120–day period. Plaintiff states that its case may become moot in mid-January, when a response from the Air Force is expected in regard to plaintiff's claim for compensation. However, the fact that a suit may become moot or is close to resolution outside of court is not a legitimate reason to forego serving the defendant, especially when the defendant is not involved in the out-of-court negotiations or other means of resolving the case. In fact, there is no evidence before the court that defendant has any knowledge of this pending lawsuit. Plaintiff has provided the court with no reason, other than mistake and inadvertence, for its failure to properly serve defendant. Mistake of law, misunderstanding of the rules, and inadvertence do not amount to "good cause" under Rule 4(m). *T & S Rentals v. United States*, 164 F.R.D. 422, 424 (N.D.W.Va.1996); *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659–60 (D.Md. 1986).

For the same reasons, plaintiff's motion requesting an extension of the time period for service, presumably pursuant to Rule 6(b), is unpersuasive.[2] Under Rule 6(b)(1), a court may "for cause shown" increase the time period for some act to be done, if a request is made before the expiration of the original time period. Under Rule 6(b)(2), once the original time period has expired, the court may extend the time period upon motion where the failure to act was "the result of excusable neglect." This rule has generally been interpreted to require "a demonstration of good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified in the rules." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed.2002). Since plaintiff's 120 days expired on December 9, 2004, which was prior to the filing on December 23, 2004, of the motion for an extension of time, the court must find excusable neglect in order to increase the time period for service. Again, plaintiff offers the court no excuse other than mistake and inadvertence, neither of which in this context amount to excusable neglect under Rule 6(b).

■ The decision whether to allow a late filing or extend a time period under Rule 6(b) is an equitable one, and the factors to be considered include: the danger of prejudice

---

**2.** Plaintiff does not cite any rule or authority in support of its request for an extension, other than a mistaken belief that sending the request for waiver of service to defendant's registered agent under Rule 4(d) within the 120–day period somehow entitles plaintiff to an extension. *See supra* note 1 and accompanying text.

to the nonmovant, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect ...." *Id.* at 392, 113 S.Ct. 1489; *see also Midwest Employers Cas. Co. v. Williams,* 161 F.3d 877 (5th Cir.1998). In this instance, plaintiff has presented the court with no excuse for its failure to serve defendant in a timely manner, other than a mistaken interpretation of Rule 4 and a belief that the case may soon become moot. The court does not find this excuse to qualify as a reason for delay warranting an extension under Rule 6(b). Accordingly, plaintiff's motion is **DENIED.**

For the foregoing reasons, plaintiff's complaint is **DISMISSED** without prejudice for failure to properly serve defendant within 120 days under Rule 4(m). The Clerk is **DIRECTED** to send a copy of this Opinion and Dismissal Order to counsel for plaintiff.

**IT IS SO ORDERED.**