United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

04-20714
Summary Calendar

SPRINT COMMUNICATIONS COMPANY LP,

Plaintiff-Counter Defendant-Appellee,

versus

UCON TELECOMMUNICATIONS NETWORK, INC.,
Defendant-Counter Claimant-Appellant.

**Appeal from the United States District Court**
**for the Southern District of Texas**
**4:02-CV-125**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ucon Telecommunications Network, Inc., appeals, *inter alia*, denial of its motion to extend time to file a notice of appeal. The motion was required because Ucon had not appealed from an adverse summary judgment within 30 days as required by Federal Rule of Appellate Procedure 4(a). It goes without saying that this time limitation is "mandatory and jurisdictional". ***Huff v. Int'l Longshoremen's Assoc., Local #24***, 799 F.2d 1087, 1089 (5th Cir. 1986) (citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 8 July 2004, 41 days after summary judgment was awarded Sprint, Ucon filed a motion to withdraw as attorney and to extend the time to file the notice of appeal. For the latter, Ucon claimed it satisfied Federal Rule of Appellate Procedure 4(a)(5), which provides, *inter alia*, that a district court may extend the time for filing a notice of appeal upon a showing of "excusable neglect or good cause". FED. R. APP. P. 4(a)(5). In the motion, Ucon's Milwaukee-based counsel asserted: a good faith effort had been made to replace withdrawing Texas counsel; and an extension of time to appeal would not prejudice Sprint because the summary judgment motion had been pending for over a year. On 15 July 2004, the district court granted the motion to withdraw as attorney but, without explanation, denied the motion to extend time.

Concerning that denial, Ucon timely filed a notice of appeal on 16 August 2004. The notice of appeal addressed both the extension-motion-denial and the summary judgment awarded Sprint.

On 13 October 2004, Sprint moved in our court to dismiss for lack of jurisdiction; Ucon did not respond. By order dated 9 November 2004, that motion was carried with the case.

Subsequently, Ucon filed its opening brief (18 January 2005). It is undisputed that Ucon's appeal from the summary judgment was not timely. Therefore, at present, our jurisdiction is limited to the denial of Ucon's motion to extend time to appeal. *See **United States v. Clark***, 51 F.3d 42, 43 (5th Cir. 1995). In the requisite

2

jurisdictional statement in its opening brief, however, Ucon failed to address, or even acknowledge, the extension-motion- denial and instead claimed jurisdiction over the appeal from the summary judgment was proper under 28 U.S.C. § 1291. And, despite having acknowledged the extension-of-time-to-appeal issue in its notice of appeal, Ucon's brief addressed only its claims regarding summary judgment.

After Sprint addressed the jurisdictional issue in its response brief, Ucon finally addressed the extension-motion-denial in its reply brief. (Ucon claimed that, based on conversations with our clerk's office, it believed it should not address this issue in its opening brief, *despite* its having failed to respond to Sprint's motion to dismiss.) Obviously, because Ucon listed the extension-motion-denial in its notice of appeal, it should have addressed the issue in its opening brief, which was filed after Sprint's motion to dismiss was carried with the case. For that reason alone, we could dismiss. Moreover, the conduct by Ucon's counsel borders on being sanctionable; this is especially true for the misleading jurisdictional statement in Ucon's opening brief.

In the alternative, because Ucon did not demonstrate good cause or excusable neglect, the district court did not abuse its discretion in denying Ucon's extension motion. *See **Midwest Employers Cas. Co. v. Williams***, 161 F.3d 877, 882 (5th Cir. 1998) (applying abuse of discretion standard to district court decision

to extend time to appeal).  For example, in ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership***, the Supreme Court determined a lawyer's failure to meet a bankruptcy court deadline was excusable neglect because the deadline notice provided by the bankruptcy court was inadequate.  507 U.S. 380, 395-97 (1993); *see also* ***Halicki v. Louisiana Casino Cruises, Inc.***, 151 F.3d 465, 469 (5th Cir. 1998) (adopting the ***Pioneer*** standard for Federal Rule of Appellate Procedure 4(a)(5)), *cert. denied*, 526 U.S. 1005 (1999).

In its reply brief, Ucon primarily claims its failure to timely appeal was due to its inability to obtain qualified appellate counsel.  Needless to say, this is not a sufficient basis for the requisite good cause or excusable neglect; and Ucon has cited no case holding that it is.

Because Ucon's notice of appeal was not timely as to any other issues, we do not have jurisdiction to review them.

*DISMISSED*

4