United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50961
Summary Calendar

_____

MICROSOFT CORPORATION,
a Washington Corporation,

Plaintiff-Appellee,

versus

H. C. DISTRIBUTORS, INC.,
a Texas Corporation; KEITH MCGOUGH,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-179
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    H. C. Distributors, Inc. and Keith McGough ("appellants")
seek to appeal the district court's entry of default judgment
against them in this 15 U.S.C. § 1121 trademark-infringement,
deceptive-trade-practices, and unfair-competition lawsuit filed
by Microsoft Corp. ("Microsoft").  Microsoft moves to dismiss the
appeal for lack of appellate jurisdiction.  The appellants cross-
move for an extension of time to file their notice of appeal.

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court. United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992). It is undisputed that the appellants did not file their notice of appeal within 30 days of the entry of default judgment, and their FED. R. CIV. P. 60(b) motion did not suspend the time for filing a notice of appeal. See Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir. 1986) (en banc); Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). Consequently, this court lacks appellate jurisdiction to consider the merits of the default judgment. See FED. R. APP. P. 4(a)(1)(A); In re Ta Chi Navigation, 728 F.2d at 703.

Nevertheless, the notice of appeal was filed within 30 days of the district court order denying the motion for extension of time to file a notice of appeal under FED. R. APP. P. 4(a)(5), as well as the order denying the Rule 60(b) motion, and this court has jurisdiction to consider whether the district court erred in denying those motions. Microsoft's motion to dismiss is therefore DENIED. The appellants' motion for this court to extend the time for filing a notice of appeal is also DENIED. See FED. R. APP. P. 4(a)(5)(A).

The district court's denial of a Rule 4(a)(5) motion based on the determination that the movant had not demonstrated excusable neglect is reviewed for an abuse of discretion. Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 882 (5th

Cir. 1998). The appellants assert that their motion for an extension of time demonstrated both good cause and excusable neglect entitling them to an additional 30 days to file a notice of appeal, renewing their argument that they relied on erroneous advice of counsel in failing to file the notice of appeal earlier.

The district court did not abuse its discretion in denying appellants' motion because appellants have demonstrated neither excusable neglect nor good cause for their failure to timely file. The court clearly stated clearly that it did not believe that McGough had erroneously relied on counsel's mistaken advice. Moreover, reliance on an attorney's misinterpretation of an unambiguous, well-settled rule affecting the date for filing a notice of appeal is inexcusable. See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 469-70 (5th Cir. 1998); see also Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993).

The appellants likewise have not shown that the denial of their Rule 60(b) motion was an abuse of discretion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The appellants contend that they were entitled to relief under Rule 60(b) due to excusable neglect, urging that they were not represented by counsel, were unaware that they were required to file an answer, and thought that settlement discussions were ongoing. These contentions are refuted by the record. The appellants additionally assert that Microsoft would not be

prejudiced by overturning the default judgment and that they have a meritorious defense to the lawsuit, but these arguments are irrelevant to the question whether the denial of their Rule 60(b) motion was error.  FED. R. CIV. P. 60(b); <u>Seven Elves</u>, 635 F.2d at 402.

The district court's orders denying the motion to extend time and denying relief under Rule 60(b) are AFFIRMED.

AFFIRMED; MOTIONS DENIED.