**Jane Butler KNAPP, Plaintiff–Appellant,**

v.

**DOW CORNING CORPORATION, et al., Defendants–Appellees.**

No. 91–2216
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 1991.

Harry L. Durant and Randal A. Kauffman, Houssier & Durant, Houston, Tex., for plaintiff-appellant.

Gabrielle Hils, Frank C. Woodside, III, Dinsmore & Shohl, Cincinnati, Ohio and Richard N. Evans, Evans & Evans, Beaumont, Tex., for Dow Corning Corp. and Dow Corning Wright.

Before POLITZ, KING, and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Jane Butler Knapp appeals the district court's denial of her motion for new trial and for relief from judgment pursuant to Fed.R.Civ.P. 60. Finding no error, we affirm.

## Background

In 1978 Knapp underwent breast enlargement surgery performed by Dr. Thomas Briggs. The surgery involved placement of silicone implants manufactured by Dow Corning and distributed by Dow Corning Wright (collectively Dow). In February 1984 another plastic surgeon, Dr. Frank Gerow, performed a second surgery, replacing the original implants. On May 2, 1984 Dr. Gerow discerned that one of these implants had broken; the following month he replaced both.

In January 1986 Knapp brought an action against Dow and others for damages because of the broken implant. Dr. Gerow was not named as a defendant; Knapp remained his patient. In February 1988 Dr. Gerow discovered that one of the June 1984 implants had broken and it was replaced shortly thereafter.

The parties settled the 1986 lawsuit on May 2, 1988. Knapp released the defendants from liability "for implant breakage on or about January 15, 1984 and May 2, 1984 and *not* for any possible causes of action in law for breakages after May 2, 1984." (emphasis original; capitalization omitted).

On April 19, 1989 Knapp filed the instant action in Texas state court. Dow removed the case to federal court. After substantial discovery the district court considered and granted Dow's motion for summary judgment, noting in its October 31, 1990 order,[1] as follows:

> Three days after filing the current lawsuit, the plaintiff visited Dr. Gerow and told him that she suspected that the right breast implant was broken. Dr. Gerow disagreed but, nevertheless, ordered a mammogram. The plaintiff received a mammogram in December of 1989, and the implant did not appear broken. The plaintiff sought a second opinion from Dr. David Lee. He refused to treat her upon learning that she intended to sue Dr. Gerow. The plaintiff then sought the opinion of another plastic surgeon, Dr. Fabian Worthing. However, at the time of the plaintiff's response to the motion for summary judgment, no surgery has been performed on the right breast implant, and there is no evidence that it is broken.

The court addressed each of Knapp's numerous claims, holding that some were barred by the May 2, 1988 release and others were without merit for lack of a cognizable injury.

Knapp did not file a direct appeal. Nine days after the judgment was entered her trial counsel moved to withdraw from the case. Counsel then submitted a motion for

---

1. The order erroneously indicates that it was signed on October 31, 1989. Knapp moved to correct the judgment below to reflect the correct date; Dow does not oppose the motion. The date of the judgment may therefore be clerically corrected to October 31, 1990. *See* Rule 60(a) ("During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."). Leave is granted.

new trial 27 days after judgment was entered. On December 11, 1990, counsel was granted permission to withdraw from the case. Knapp's replacement counsel submitted a motion on January 3, 1991, styled a "supplemental motion for new trial and for relief under Rule 60(a)." After a hearing the district court denied these motions.

Knapp timely appealed the district court's denial of her motion for new trial and for relief from judgment pursuant to Rule 60. That is the sole issue before the court.

### Analysis

■ Our scope of review in the instant appeal is very limited. With respect to Knapp's appeal of the district court's denial of her motion for new trial, the Rule 59(b) 10–day deadline for such motions "is mandatory and jurisdictional; it cannot be extended by the trial court." *Tarlton v. Exxon*, 688 F.2d 973, 977 (5th Cir.1982), *cert. denied*, 463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983). While we adhere to a liberal standard respecting amendments to a timely-filed Rule 59 motion, we are without jurisdiction to entertain the appeal of Knapp's tardy submission. *Dotson v. Clark Equipment Co.*, 805 F.2d 1225 (5th Cir.1986). We may not address the merits of the appeal as a free-standing appeal.

■ Knapp's burden on appeal of a motion for relief from judgment is a substantial one which, in the instant case, is not acquitted. The essence of Knapp's contention is that her initial trial counsel failed to explain her case properly to the court and that it was an abuse of discretion for the court not to accept the contention of her replacement counsel that the district court misunderstood the underlying facts. This argument misperceives the nature of Rule 60(b) motions and the reason why they are commended to the sound discretion of the district court. *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599 (5th Cir. 1986). We recently summarized our precedents with respect to both 60(b)(1) and 60(b)(6) motions, such as those at bar.

To reopen the case under Rule 60(b) on the basis of evidence that was available before rendition of judgment but that was not submitted in a timely fashion, the mover has two options. She can proceed under Rule 60(b)(1), in which case she must show that her default was attributable to "mistake, inadvertence, surprise, or excusable neglect." The motion may instead be brought under Rule 60(b)(6). Although the mover then need not show excusable neglect in order to prevail, the newly-submitted evidence must establish a fact "so central to the litigation that it shows the initial judgment to have been manifestly injust."

In determining whether the moving party has established "excusable neglect" under Rule 60(b)(1) or manifest injustice under Rule 60(b)(6), the district court enjoys considerable discretion. That discretion, however, is not boundless. In the case of a motion for reconsideration brought under Rule 60(b)(1), for example, if the failure of the party to submit the evidentiary materials in question is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case and to consider the evidence.

*Lavespere v. Niagara Machine & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990). Knapp's motion suggests that her attorney did a poor job of marshaling the facts but does not reflect the malfeasant discharge of responsibility sufficient to base the relief sought. *Stipelcovich*, 805 F.2d at 604 (" 'It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion.' ") (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original)).

Rule 60(b) is neither designed as, nor is it to be used for, a substitute for direct appeal of the merits. Knapp's failure to file a notice of appeal essentially forecloses our consideration of the merits of her case. As we held in *Trinity Carton Co. v. Falstaff Brewing Corp.*, 816 F.2d 1066, 1070 (5th Cir.1987):

Trinity had its day in court and lost.... Trinity then had 30 days to appeal that judgment to this Court. Its failure to do so remits it to a stricter standard of review. The administration of justice requires us to protect the finality of judgments by applying this stringent standard. Allowing a few to circumvent the rules of appellate procedure would only create confusion and produce injustice for many.

The district court did not abuse its broad discretion by denying the Rule 60(b) motion in the instant case.

AFFIRMED.