United States Court of Appeals,

Fifth Circuit.

No. 92-4939.

Roosevelt DISON, Petitioner-Appellant,

v.

John P. WHITLEY, Warden, Louisiana State Penitentiary,
Respondent-Appellee.

May 9, 1994.

Appeal from the United States District Court for the Western
District of Louisiana.

Before REAVLEY and JOLLY, Circuit Judges, and PARKER,* District
Judge.

E. GRADY JOLLY, Circuit Judge:

The *pro se in forma pauperis* prisoner in this case filed his
notice of appeal after the thirty-day period for filing appeals
expired. The district court held that the appeal was untimely. We
affirm.

I

Roosevelt Dison was convicted of carrying out a contract to
kill Charles Rollo, Jr., by shooting Rollo with a shotgun in the
driveway of his home in Natchitoches Parish, Louisiana, at 7:30
a.m. on April 15, 1979. Dison confessed to the murder and is
currently serving a life sentence in Louisiana state prison.

II

After exhausting his direct and state habeas remedies, Dison
filed a habeas corpus petition in federal court alleging that his

---

*Chief Judge of the Eastern District of Texas, sitting by
designation.

confession was involuntary and that he should have been allowed to testify at his jury trial regarding his confession. On July 31, 1992, the district court denied Dison's habeas petition on the grounds that Dison's confession was voluntary and that his right to testify did not exist under state law at the time of his trial.

Dison filed an appeal that was received by the district court after the thirty-day period for filing an appeal.[1] We remanded Dison's case to the district court for a determination of whether Dison timely filed under the exception to the general filed-upon-receipt rule announced by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Under *Houston,* 487 U.S. at 270, 108 S.Ct. at 2382, a prisoner's notice of appeal is deemed timely filed when he delivers the notice to prison officials.

On remand, the magistrate judge found that Dison had delivered his notice of appeal to prison officials on or before August 24, 1992—seven days before the expiration of the thirty-day period—but the envelope had been returned to him because he had sent it via "indigent mail" even though he had sufficient funds to pay the postage. The magistrate judge also found that Dison managed to send the envelope containing his notice of appeal out of the prison for mailing as it was post-marked from Baton Rouge instead of

---

[1]Dison had thirty days from July 31, 1992, to file his appeal. Fed.R.App.P. 4(a)(1). Because the thirtieth day was a Sunday, the final day for filing was August 31. Fed.R.App.P. 26(a). Dison's undated notice of appeal was stamped "filed by the district court clerk on September 3"—after the thirty-day period had expired.

Angola.  The magistrate judge concluded that *Houston* did not apply, and the district court adopted the magistrate judge's findings in holding Dison's appeal untimely.

### III

In reviewing requests for federal habeas corpus relief, we review the district court's findings of fact for clear error, but review issues of law *de novo*.  *See Barnard v. Collins,* 958 F.2d 634, 636 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 990, 122 L.Ed.2d 142 (1993).  A timely filed notice of appeal is a jurisdictional prerequisite to our review.  *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978).  We hold that neither Dison's delivery of his unposted notice of appeal to the prison officials nor his delivery to his agent outside the prison constitute timely filing.

In *Thompson v. Rasberry,* 993 F.2d 513, 514 (5th Cir.1993), we held that the *Houston* exception to the filed-upon-receipt rule:

> [did] not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner.  *See Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).  *Failure to stamp* or properly address outgoing mail or to follow *reasonable* prison regulations governing prisoner mail *does not constitute compliance* with this standard.

*Id.* at 515 (first and third emphases added).

In the instant case, Dison did not place proper postage on the envelope that he delivered to the prison officials on or before August 24, 1992.  The Louisiana Department of Corrections had a policy of allowing prisoners with insufficient funds in their drawing accounts to use "indigent," or free mail.  This regulation

3

is "reasonable." *See Thompson,* 993 F.2d at 515.[2] Accordingly, Dison committed a "[f]ailure to stamp" that "[did] not constitute compliance" with "the responsibility of doing all he ... reasonably [could have done] to ensure that documents [were] received by the clerk of court in a timely manner." *See Thompson,* 993 F.2d at 515.[3]

Further, Dison's use of an unknown agent does not trigger the *Houston* exception that is limited to filings with prison officials, over whom a prisoner has no control. In contrast to the lack of control over prison officials, the Supreme Court found crucial in *Houston,* 487 U.S. at 271, 108 S.Ct. at 2382, Dison arguably exercised some control over his agent and was not left to the devices of the defendants in his cause of action. *See Wilder v.*

___

[2]Dison, on appeal, states—without offering any evidence—that he did not have sufficient funds in his drawing account and thus was qualified to use indigent mail. Because Dison did not raise this issue before the district court, we will not consider it unless we find plain error. *Big John, B.V. v. Indian Head Grain Co.,* 718 F.2d 143, 148 (5th Cir.1983). We perceive no plain error in this case. The record supports the magistrate judge's finding that Dison had sufficient funds in his account to pay for postage. In addition to a letter from the district attorney stating that Dison had sufficient funds to use regular prison mail, the August 24 notice of return, which accompanied his returned envelope, stated that Dison could not use indigent mail because he had more than $15 in his drawing account.

[3]Moreover, the envelope was returned to Dison on August 24, 1992, giving him a week to mail it again—with correct postage—through the prison postal system. Dison failed to avail himself of this option. Instead, he mailed the envelope outside the prison from Baton Rouge with the assistance of an unknown third party. Although Dison's opportunity to try the prison postal system again indicates that he had a second chance to comply with *Houston* and *Thompson,* the law does not mandate a second chance as long as the prison system was reasonably prompt in returning the unposted envelop the first time.

*Chairman of Cent. Classification Bd.,* 926 F.2d 367, 370 (4th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 109, 116 L.Ed.2d 78 (1991). Thus, we hold that the logic of *Houston* does not encompass Dison's delivery of his notice of appeal to his agent.

IV

For the reasons stated above, the judgment of the district court is

AFFIRMED.