IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11559
Conference Calendar
_____

JOHN EVERETT SHELTON,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1738-Y
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

John Everett Shelton, Texas state prisoner number 815616,
has applied for a certificate of appealability ("COA") for an
appeal from the district court's judgment denying his application
for a writ of habeas corpus. This court must examine the basis
of its jurisdiction on its own motion if necessary. Mosley v.
Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of
appeal is a prerequisite to the exercise of jurisdiction by this
court. Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. APP. P. 4(a)(1)(A) requires that a notice of appeal in a civil case be filed "within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). A prisoner's pro se notice of appeal is deemed filed when delivered to prison authorities for forwarding to the court's clerk. Houston v. Lack, 487 U.S. 266, 276 (1988); see FED. R. APP. P. 4(c).

The district court's judgment was entered on October 30, 2001. Shelton had until Thursday, November 29, 2001, to file a timely notice of appeal. See FED. R. APP. P. 4(a)(1)(A). The record reflects that Shelton executed the notice of appeal on Monday, December 3, 2001. Because the earliest date upon which the notice of appeal could have been delivered to prison authorities for filing was December 3, 2001, the notice of appeal was not timely filed. Because we are without jurisdiction, the application for a COA is denied and the appeal is dismissed. Shelton has filed a motion for appointment of counsel which is denied.

COA DENIED, APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.