United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-51392
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGH VON MESHACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-74-1
_____

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hugh Von Meshack, federal inmate #82432-080, was convicted of conspiracy to possess with intent to distribute crack cocaine, establishment of distribution operations, possession and distribution of crack cocaine, possession of marijuana, and conspiracy to commit money laundering. Von Meshack was sentenced to serve concurrent terms of 360, 240, 130, and 120 months in prison. Von Meshack's motion for a certificate of appealability is DENIED as unnecessary.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Von Meshack appeals the district court's September 17, 2002, order that denied "Motion to Correct Sentence, to Arrest Judgment, or for New Trial." We must examine the basis of our jurisdiction on our own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a prerequisite to the exercise of jurisdiction. Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). Von Meshack had sixty days to file a timely notice of appeal. FED. R. APP. P. 4(a)(1)(B). Von Meshack's notice of appeal executed on December 13, 2002, is not timely. FED. R. APP. P. 4(a)(1)(B). Accordingly, the appeal is DISMISSED in part for lack of jurisdiction. Dison, 20 F.3d at 186.

Von Meshack appeals the district court's December 10, 2002, order that denied as moot "Motion for Clarification of Record and/or Motion pursuant to FED. R. CIV. P. 60(b) to Alter and/or Vacate this Court's Order Dated September 17, 2002, or in the alternative, Notice of Appeal on that Order." Von Meshack asserts that the district court erred in denying relief under FED. R. CIV. P. 60(b).

Rule 60(b)(6), FED. R. CIV. P., permits the district court to relieve a party from a final judgment for any reason justifying relief from the operation of the judgment, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses 60(b)(1) through 60(b)(5). Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988); Hess v. Cockrell, 281 F.3d 212, 215-16 (5th Cir. 2002). We review the denial of relief under FED. R. CIV. P. 60(b) for an abuse of discretion. Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).

Von Meshack's motion was filed within a reasonable period of time and alleged error in, and sought relief from, the district court's September 17, 2002, order. The district court did not consider the merits of Von Meshack's motion.

Von Meshack's motion pointed out that counsel's June 10, 2002, motion did not seek 28 U.S.C. § 2255 relief. Counsel filed the June 10 motion within ten days of the entry of Von Meshack's amended judgment of conviction. Von Meshack's case was still ripe for direct review. Von Meshack did not request that the district court treat counsel's motion under 28 U.S.C. § 2255. The record shows that the Government and Von Meshack's attorney did not consider the motion filed under 28 U.S.C. § 2255.

Counsel's June 10 motion sought a new trial. Counsel's motion argued that simple amendment of the judgment upon remand was error. The construction of counsel's motion under 28 U.S.C. § 2255 was error.

Rule 60(b)(6), FED. R. CIV. P., relief was warranted because Von Meshack moved for such relief within a reasonable time, he did not have a fair opportunity to present his claims under 28 U.S.C. § 2255, and granting relief would be equitable. See In re Al Copeland Enter., 153 F.3d 268, 272 (5th Cir. 1998). Accordingly, the district court's December 10, 2002, order that denied as moot Von Meshack's "Motion for Clarification of Record and/or Motion pursuant to FED. R. CIV. P. 60(b) to Alter and/or Vacate this Court's Order Dated September 17, 2002, or in the alternative, Notice of Appeal on that Order" is VACATED and the case is REMANDED for consideration of the motion on the merits.

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; VACATED AND REMANDED IN PART; MOTION FOR CERTIFICATE OF APPEALABILITY DENIED AS UNNECESSARY.