**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20201
Conference Calendar

_____

DARWIN J. HORNE,

                              Plaintiff-Appellant,

versus

FRANCIS CHERIAN, Medical Doctor, Texas Department of Criminal
Justice-Institutional Division, Ellis I Unit; EARNEST CHASTAIN,
Physician's Assistant, Skyview/Hodge Unit; SANDRA TALLY,
Registered Nurse, Texas Department of Criminal Justice-
Institutional Division; R.L. HARDY, Radiologist, Texas Department
of Criminal Justice-Institutional Division, Ellis I Unit;
UNIVERSITY OF TEXAS MEDICAL BRANCH,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-10
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Darwin J. Horne, TDCJ-ID #825876, appeals the district

court's _sua sponte_ dismissal of his 42 U.S.C. § 1983 complaint

for failure to exhaust his administrative remedies.  Horne argues

that he did exhaust his administrative remedies, though his

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grievances were refused as "untimely" and "inappropriate." We review *de novo* the district court's dismissal of a prisoner's 42 U.S.C. § 1983 complaint for failure to exhaust. Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999).

We do not consider Horne's appellate arguments that address the district court's dismissal of a prior 42 U.S.C. § 1983 complaint. "A timely filed notice of appeal is a jurisdictional prerequisite" to this court's review. Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). Horne did not file a notice of appeal from this prior dismissal.

We also conclude that Horne has failed to show exhaustion of his administrative remedies. The untimely filing of grievances does not excuse the exhaustion requirement. See Days v. Johnson, 322 F.3d 863, 867 (5th Cir. 2003).

Accordingly, the district court's judgment is AFFIRMED.