**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21000
Conference Calendar

TED LAWRENCE ROBERTSON,

Plaintiff-Appellant,

v.

HARRIS COUNTY TEXAS; CITY OF HOUSTON; HARRIS COUNTY DISTRICT
ATTORNEY OFFICE; ROBERT E. ECKELS, Judge; LEE BROWN, Mayor;
CHUCK ROSENTHAL, DA; C. O. BRADFORD, Chief of Police;
ELIHUE DODIER; EVA MCGREGOR-GUZMAN, Judge; BETH BARRON,
Assistant DA; TRACI BENNETT; ROGER HASEMAN; GEORGE GODWIN,
Judge; C. R. BARNES, Deputy Sheriff; BONNIE HELLUMS,
Judge; JAMES SQUIER, Judge; RHONDA DUCOTE; BARBARA JONES;
OLEN UNDERWOOD, Judge; URITA EMANUEL; ROBERT FLOWERS;
KATHY BEER; WENDI AKINS; STEVEN PROMPH; ISMAEL F. FLORES, JR.;
MICHAEL PETERS, Judge; DIANE BULL, Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-3353
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ted Lawrence Robertson, Texas prisoner # 1175868, appeals

the district court's dismissal of his 42 U.S.C. § 1983 complaint

against approximately 25 state and county officials.  This court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

must examine the basis of its jurisdiction on its own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  A timely filed notice of appeal is a jurisdictional prerequisite to appellate review.  Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).

More than ten days after the entry of judgment, but within the 30-day time for filing a notice of appeal, Robertson filed a "Motion to Rescind," construed as a motion filed under FED. R. CIV. P. 60(b).  Robertson simultaneously filed a "Notice of Appeal," which stated that Robertson wished to appeal the district court's judgment only in the event that his "Motion to Rescind" was not granted.  Thus, the primary relief sought in Robertson's "Motion to Rescind" and in his "Notice of Appeal" was reconsideration of the district court's judgment.  Robertson's "Notice of Appeal" was not a sufficient notice of appeal, as it did not clearly evince Robertson's intent to appeal.  See Mosley, 813 F.2d at 660.  Because there was no timely notice of appeal, this court lacks jurisdiction over this appeal and it is DISMISSED.  See Mosley, 813 F.2d at 660-61.

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.