United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40631
Summary Calendar

_____

DAVID RAY LEVERTON,

                                    Plaintiff-Appellant,

versus

JEFFREY POPE, Etc.; ET AL.,

                                    Defendants,

JEFFREY POPE, Lieutenant, Mark W. Stiles Unit;
JIMMI PITTS, Lieutenant, Mark W. Stiles Unit;
PATRICK ARNETT, SR., Police, Port Arthur Texas;
RUSSELL MCDONALD, Doctor of Osteopathy, Mark W.
Stiles Unit; ROBERT ASHWORTH, #1 FRANK CARPENTER,
#3, BRANDON NOLAN, #4,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-397
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    David Ray Leverton, Texas prisoner number 373652, appeals

from the July 19, 2001, denial of a Rule 60(b) motion in which he

sought relief from an order granting summary judgment in favor of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Russell McDonald.  He also appeals from the magistrate judge's conclusion that his motion pursuant to FED. R. CIV. P. 59, filed more than ten days after the entry of final judgment, must be construed as a motion pursuant to FED. R. CIV. P. 60.  Finally, he appeals the denial of the of FED. R. CIV. P. 60(b) motion following a jury verdict for the defendants in this 42 U.S.C. § 1983 suit.  Also pending before this court is Leverton's motion to supplement the record on appeal.

If necessary, this court must examine the basis of its jurisdiction on its own motion.  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court.  Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).  On April 24, 2003, Leverton filed a notice of appeal from the July 19, 2001, denial of a Rule 60(b) motion in which Leverton sought relief from the grant of summary judgment in favor of defendant Dr. Russell McDonald. This notice of appeal, filed nearly two years after the denial of the motion and the August 14, 2001, entry of the final judgment, was untimely, and this court lacks jurisdiction over this appeal. See Dison, 20 F.3d at 186.

Leverton complains that the magistrate judge erred in construing his FED. R. CIV. P. 59 motion for a new trial as a motion for relief from the judgment pursuant to FED. R. CIV. P. 60.  Motions pursuant to FED. R. CIV. P. 59 must be filed within 10 days of entry, not service, of the judgment.  See FED. R. CIV.

P. 59(a), (b), (e).  Although Leverton filed a motion to extend time to file a motion for a new trial, a district court is not authorized to extend the time for filing such a motion.  See FED. R. CIV. P. 6(b).  Finally, Leverton's motion for a new trial did not extend the time for filing a notice of appeal, as it was not filed within ten days of the entry of the final judgment.  See FED. R. APP. P. 4(a)(4)(A)(v)-(vi).

Because Leverton did not file a timely notice of appeal from the final judgment, this court will not address his contentions regarding non-final orders and matters that do not fall under FED. R. CIV. P. 60(b).  FED. R. CIV. P. 60(b) allows the district court to relieve a party from a final judgment or order.  A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (internal quotations and citation omitted).  Because a Rule 60(b) motion is not a substitute for a timely appeal, this court declines to address the issues Leverton raises that do not readily fit under one of the grounds enumerated in Rule 60.  See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 471 (5th Cir. 1998).  The matters Leverton raises in his brief that this court declines to address include the denials of the: motion for appointment of counsel, motion for a protective order, motion for a restraining order, motion to withdraw consent to proceed before

a magistrate, and motion to supplement the witness list. See Coopers & Lybrand, 437 U.S. at 467; Halicki, 151 F.3d at 471.

Leverton complains that the magistrate judge abused his discretion in denying his August 31, 2001, motion for a new trial. Leverton has not met the requirements under FED. R. CIV. P. 60(b)(2) for relief from the judgment based upon newly-discovered evidence that he demonstrate (1) that he exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. See Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 770-71 (5th Cir. 1995).

Pursuant to FED. R. CIV. P. 60(b)(3), Leverton must show by clear and convincing evidence: (1) that the defendants engaged in fraud or other misconduct and (2) that the misconduct prevented him from fully and fairly presenting his case. See id. at 772. He has not shown that the defendants' actions in delaying his operation rose to a level of fraud or misconduct where the record showed that he could walk normally, his knee was not swollen or "grinding," the joint had a full range of motion, and X-rays detected no abnormalities. See id.

Finally, the magistrate judge did not abuse his discretion in refusing to grant the motion pursuant to FED. R. CIV. P. 60(b)(6). FED. R. CIV. P. 60(b)(6) allows a district court to "do justice in a particular case when relief is not warranted by the

preceding clauses." <u>Government Fin. Servs.</u>, 62 F.3d at 773-74. The "extraordinary circumstances" required to grant a FED. R. CIV. P. 60(b)(6) motion are not present in this case. <u>See</u> <u>id.</u>

Finally, despite Leverton's assertion to the contrary, the magistrate judge was not required to provide Leverton with notice of either the consequences of summary judgment or the right to submit opposing affidavits. <u>See</u> <u>Martin v. Harrison County Jail</u>, 975 F.2d 192, 193 (5th Cir. 1992).

Leverton's motion to supplement the record on appeal is GRANTED.

DISMISSED IN PART; AFFIRMED IN PART; MOTION GRANTED.