United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10582
Conference Calendar

_____

SENECA LAMBRONE LEE,

                                        Plaintiff-Appellant,

versus

TOWN CENTER MALL, Fort Worth, Texas,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-253
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Seneca Lambrone Lee, a Texas resident proceeding pro se, has

filed a motion to proceed in forma pauperis (IFP) on appeal

following the district court's denial of his motion to proceed

IFP in that court and dismissal of his 42 U.S.C. § 1983 suit.

Our review of the record shows that Lee did not timely notice his

appeal from the district court's dismissal of his suit.  A timely

notice of appeal is a prerequisite for the exercise of

jurisdiction by this court.  Dison v. Whitley, 20 F.3d 185, 186

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1994). Accordingly, to the extent that Lee seeks to challenge the district court's dismissal of his suit, his appeal is DISMISSED FOR WANT OF JURISDICTION.

Lee did timely notice his appeal from the district court's denial of his motion to proceed IFP in that court. However, Lee has waived the issues whether the district court erred in denying his motion for authorization to proceed IFP in that court and whether he should be permitted to proceed IFP on appeal by failing to properly brief them. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Consequently, Lee's appeal is DISMISSED AS FRIVOLOUS to the extent that he seeks to challenge the district court's denial of his motion to proceed IFP in that court. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. We caution Lee that the filing of frivolous appeals and motions will invite the imposition of a sanction. Lee's motion to proceed IFP on appeal is DENIED.

IFP MOTION DENIED; APPEAL DISMISSED IN PART FOR WANT OF JURISDICTION AND DISMISSED IN PART AS FRIVOLOUS; SANCTION WARNING ISSUED.