United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30904
Summary Calendar
_____

SAMUEL MICHAEL SCHILDKRAUT,

Plaintiff-Appellant,

versus

BALLY'S CASINO NEW ORLEANS, L.L.C., "The Belle" or "The Company"
doing business as Bally's Louisiana Inc., doing business as
Bally's Casino Lakeshore Resort, doing business as Belle of
Orleans LLC, doing business as Bally's Casino New Orleans; PARK
PLACE/BALLY'S ENTERTAINMENT CORP., NYSE, PPE, doing business as
Park Place Entertainment Corp., doing business as Caesars
Entertainment, Inc.; BALLY'S MIDWEST CASINO INC., doing business
as Bally's Louisiana Inc., doing business as Bally's Holding
Company, Inc.,

Defendants-Appellees.

--------------------------------------------------------------------

SAMUEL MICHAEL SCHILDKRAUT,

Plaintiff-Appellant,

versus

BALLY'S CASINO NEW ORLEANS, L.L.C., The Belle or The Company,
doing business as Bally's Louisiana Inc., doing business as
Bally's Casino Lakeshore Resort, doing business as Bally's Casino
New Orleans, doing business as Belle of Orleans, LLC; PARK
PLACE/BALLY'S ENTERTAINMENT CORP., NYSE, PPE, doing business as
Park Place Entertainment Corporation, doing business as Caesars
Entertainment, Inc.; BALLY'S MIDWEST CASINO INC., doing business
as Bally's Louisiana Inc., doing business as Bally's Louisiana II
Inc., doing business as Bally's Holding Company, Inc.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-366
USDC No. 2:04-CV-504
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Samuel Michael Schildkraut appeals the dismissal of his claims under federal and state law against his former employer, Bally's Casino New Orleans, L.L.C., and other related business entities. For the reasons explained below, we dismiss Schildkraut's appeal for lack of jurisdiction.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, ___ S. Ct. ___, 2007 WL 1702870, *5 (June 14, 2007); see Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994) (stating that "[a] timely filed notice of appeal is a jurisdictional prerequisite" to this court's review).

Pursuant to FED. R. APP. P. 3(a), "[a]n appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." In a civil case such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as this one, the notice of appeal must be filed within 30 days after the judgment or order appealed from is entered.  FED. R. APP. P. 4(a)(1)(A); see 28 U.S.C. § 2107(a).

Applying the rules for computing time set forth in FED. R. APP. P. 26(a), Schildkraut's notice of appeal, filed August 23, 2005, is untimely because it was filed more than 30 days after the entry, on July 21, 2005, of the district court's amended judgment.  Because Schildkraut's notice of appeal was untimely, his appeal must be dismissed for lack of jurisdiction. See Dison, 20 F.3d at 186.  All outstanding motions are denied as unnecessary.

APPEAL DISMISSED; MOTIONS DENIED AS UNNECESSARY.