# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 05-20591
Summary Calendar

ROBERT MCLENDON, also known as Robert Blakley McLendon

Plaintiff-Appellant

v.

HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE; HARRIS COUNTY SHERIFF'S DEPARTMENT; DENISE NASSER

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1320

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert McLendon, Texas prisoner # 1194359, filed a notice of appeal from the district court's February 16, 2005, dismissal of his 42 U.S.C. § 1983 suit and the district court's June 13, 2005, denial of his "Motion to Alter Judgment." His notice of appeal is timely only as to the denial of his "Motion to Alter Judgment," which is treated as a FED. R. CIV. P. 60(b) motion because it was mailed more than 10 days after entry of the order dismissing his civil rights suit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See FED. R. APP. P. 4(a)(1)(A); FED. R. CIV. P. 6(b); Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007); Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994). Because McLendon's appeal from the dismissal of his § 1983 suit was untimely, that appeal is dismissed for lack of jurisdiction. See Dison, 20 F.3d at 186.

We review a denial of a FED. R. CIV. P. 60(b) motion under an abuse-of-discretion standard. See Travelers Ins. Co. v. Liljeberg Ent., 38 F.3d 1404, 1408 (5th Cir. 1994); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). On appeal, McLendon abandons those claims that the district court concluded were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, he has not shown that the district court abused its discretion in rejecting the arguments he made regarding those claims in his post-judgment motion.

McLendon argues, as he did in his "Motion to Alter Judgment," that the district court failed to address his claim that his placement in administrative segregation while he was a pretrial detainee in the Harris County jail violated his due process rights. He also argues, as he did in his "Motion to Alter Judgment," that the district erred in assuming there was a legitimate penological objective for the Harris County jail's use of restraints while he was exercising. His assertions that his placement in administrative segregation was not reasonably related to assistant district attorney Denise Nassar's concern that he had mailed a letter to another assistant district attorney's home and that he was forced to exercise alone in a cage while restrained were not, however, raised in his § 1983 suit. Based upon the allegations made in McLendon's § 1983 complaint, the evidence he submitted in connection with his complaint, and the arguments made in his "Motion to Alter Judgment," the district court did not abuse its discretion in denying McLendon's post-judgment motion. See FED. R. CIV. P. 60(b)(1)-(6); see also Knapp v. Dow Corning Corp., 941 F.2d 1336, 1338 (5th Cir. 1991); Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002); Scott v.

Moore, 114 F.3d 51, 53 (5th Cir. 1997) (en banc); Hare v. City of Corinth, 74 F.3d 633, 645 (5th Cir. 1996) (en banc).

Because McLendon's appeal from the denial of his post-judgment motion is without arguable merit, it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); see 5TH CIR. R. 42.2. The dismissal of his appeal counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). The district court's dismissal of his § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) also counts as a strike for purposes of § 1915(g). McLendon is warned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.