# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 3, 2010

Lyle W. Cayce
Clerk

No. 09-60949
Summary Calendar

LAWRENCE A. RAY,

Plaintiff-Appellant

v.

RONNIE PENNINGTON, Sheriff, Rankin County Jail,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-175

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lawrence A. Ray filed a complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights based on a period of pretrial confinement in a state criminal case. His case was dismissed in a final judgment. This appeal is from the November 5, 2009 order denying his motion to reopen the case. Because that motion sought relief from the final judgment and was filed more than 10 days after the entry of judgment, it is considered a motion under Federal Rule of Civil Procedure 60(b). *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60949

347 (5th Cir. 1991). Ray's notice of appeal was not timely as to the final judgment dismissing his case. Thus, this court lacks jurisdiction to review the merits of that judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1337-38 (5th Cir. 1991). Instead, Ray's appeal is limited to review of the order denying his Rule 60(b) motion. *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 284-86 (5th Cir. 1985).

The denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "It is not enough that the granting of relief might have been permissible, or even warranted–denial must have been so *unwarranted* as to constitute an abuse of discretion." *Id.* Ray contends that incompetence and misconduct by his counsel effectively deprived him of all representation in his case. Ray's case was dismissed after consideration of the merits of his claims, and Ray has not shown that there was malfeasance by his counsel warranting relief from the judgment. *See Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 697 (5th Cir. 1983). The magistrate judge's denial of Ray's Rule 60(b) motion did not constitute an abuse of discretion.

Ray also reiterates the merits of his claims regarding his pretrial confinement. Those contentions are unavailing in this appeal, as his Rule 60(b) motion may not be used as a substitute for a direct appeal of the merits of the dismissal of his case. *See Knapp*, 941 F.2d at 1338.

AFFIRMED.