# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30961

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2018

Lyle W. Cayce
Clerk

GEORGE ANDREW PRESTON,

Plaintiff-Appellant

v.

BOBBY HICKS; LIEUTENANT W. BOWIE; SERGEANT AUGUSTINE; SERGEANT DAUZAT; SERGEANT FORD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-562

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Andrew Preston, Louisiana prisoner # 543096, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint against five prison officials for use of excessive force. The district court held that Preston failed to state a claim for which relief can be granted. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30961

FACTUAL AND PROCEDURAL BACKGROUND

George Preston is incarcerated in a Louisiana state prison. He filed a civil rights complaint against Lieutenant Bobby Hicks and four other state correctional officers under 42 U.S.C. § 1983, alleging use of excessive force in violation of the Eighth Amendment. Preston alleged the following in his complaint. Sergeant Ford, with Preston nearby, opened the door to the cell of another inmate, Jeremy Lenor. Preston ran into the cell and started "joking around" with Lenor. Ford shouted for help from Lieutenant Bowie, Lieutenant Hicks, Sergeant Dauzat, and Sergeant Augustine. Those other officers soon entered the cell. Lieutenant Hicks then elbowed Preston several times in the face. Several of the officers pulled Preston from the cell and two of them "slammed" him to the floor. On the floor, Sergeant Augustine kept Preston's left arm "strained" behind him while Lieutenant Hicks allegedly pulled and twisted Preston's right arm. Preston then screamed that Hicks was hurting his arm and was going to break it.

Preston alleges that Hicks relaxed the twisting of his arm only when a bone began protruding from his shoulder area, causing a shoulder separation. Preston filed an administrative complaint, which was denied. The denial noted that he had been evaluated by medical staff who reported that his "right shoulder did not appear to be out of place." A doctor ordered an x-ray, which allegedly showed no fracture or dislocation.

In a disciplinary report Preston attached to the complaint, Hicks reported that Preston ignored an order not to enter the other cell and had attempted to hit Lenor. Preston's evidence included affidavits from two other inmates who both claimed that Preston did not resist the officers and that Hicks appeared to be twisting Preston's arm as he screamed.

2

No. 16-30961

A magistrate judge determined that Preston failed to demonstrate an Eighth Amendment claim because the officers' use of force was not wanton or unnecessary. The judge found the twisting of Preston's arm had been necessary for restraint and the exhibits indicated the injury was not severe. Additionally, Preston's admission of guilt in the disciplinary report was evidence that the force had been applied in good faith.

Accepting the magistrate judge's report and recommendation, the district court dismissed Preston's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A, after conducting an independent review of the record. Preston appealed.

DISCUSSION

We must first assure ourselves that Preston's appeal was timely. The record was unclear as to when Preston filed his appeal, so we held the appeal in abeyance and remanded for the district court to determine that question. *See Dison v. Whitley*, 20 F.3d 185, 186–87 (5th Cir. 1994). The district court found that August 24, 2016, was the date of the appeal. We accept that finding, which makes the appeal timely.

We review the dismissal for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A, and employ the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir.), *cert. denied sub nom. Legate v. Collier*, 137 S. Ct. 489 (2016). A complaint fails to state a claim on which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

No. 16-30961

We must also consider Preston's suit in light of his status as a pro se litigant. His complaint is therefore "held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

In assessing a claim of excessive force under the Eighth Amendment, our focus is on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The claim is evaluated under these factors: (1) "the extent of injury suffered by an inmate," (2) "need for application of force, [3] the relationship between that need and the amount of force used, [4] the threat 'reasonably perceived by the responsible officials,' and [5] 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers,* 475 U.S. 312, 321 (1986)). Once a prisoner has been subdued, using gratuitous force on him is unreasonable. *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016). We may consider the extent of Preston's injuries in evaluating whether the force was "reasonable," but he "does not lose his ability to pursue an excessive force claim merely because he [had] the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

Preston concedes that he ran into the cell of another inmate, ignored verbal commands to the contrary, and caused Sergeant Ford to call for help. He nonetheless alleges that following his removal from the cell and being placed "face down on the ground," his right arm was pulled and twisted by Lieutenant Hicks, causing Preston to scream in pain. While Sergeant Augustine merely "strained" his left arm, Preston directed his screams only to Lieutenant Hicks in fear his right arm was about to be broken.

4

No. 16-30961

According to Preston, "[a]t no time did [he] resist any of the officers," and Hicks only stopped twisting his arm after "observing a bone protruding" from his shoulder.  Affidavits from two other inmates similarly allege that Preston did not resist the officers after being removed from the cell.  It is proper at this stage of the proceedings to rely on these documents attached to the complaint because neither party disputes their authenticity and they were "sufficiently referenced in the complaint." *See Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).  Preston stated that he suffered a separated shoulder as a result of the incident.[1]

Because we must accept Preston's plausible allegations as true at this stage in the proceedings, he has alleged facts sufficient to state a claim that Lieutenant Hicks used excessive force after he was already on the floor.  The medical documentation indicates that Preston's injuries might not have been severe, but this does not demonstrate that the use of force was merely "a good-faith effort to maintain or restore discipline." *See Cowart*, 837 F.3d at 452 (citation omitted).

Based on Preston's own allegations, however, the other defendant officers reasonably perceived a threat requiring some degree of force in earlier removing him from the cell. *See id.* at 453. Although both Sergeant Augustine and Lieutenant Hicks held Preston to the floor, Preston alleges that Augustine only caused his left arm to become "strained."  Such a "strain" falls within a de minimis category of force "of a character far less intense and less calculated to produce real physical harm[.]" *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).  Accordingly, Preston alleges sufficient facts to maintain a claim only against Lieutenant Hicks.

---

[1] Preston also claims that when Officer Hicks entered the cell, he repeatedly elbowed Preston in the face.  Preston does not allege injury as a result of that use of force.

No. 16-30961

We AFFIRM the dismissal of claims against Lieutenant Bowie, Sergeant Ford, Sergeant Dauzat, and Sergeant Augustine.  We REVERSE the dismissal of the claim against Lieutenant Hicks and REMAND for further proceedings consistent with this opinion.