# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2024

Lyle W. Cayce
Clerk

No. 24-20013
Summary Calendar

———————————

Toya Gibson,

*Plaintiff—Appellant*,

*versus*

Ridgewells Catering,

*Defendant—Appellee*.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3828

———————————

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Toya Gibson asserted employment discrimination claims against Ridgewells Catering. Ridgewells moved for summary judgment, asserting that Gibson's claims failed on the merits and were time-barred for failure to file within the statutorily prescribed period after receiving her right-to-sue letter. The court granted Ridgewells' motion, holding that the suit lacked

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

merit and was time-barred. Gibson now appeals, though her pro se briefing is not a model of clarity: We cannot discern whether Gibson challenges the district court's summary judgment for Ridgewells or its denial of her untimely motion for reconsideration. We briefly address each basis for appeal. *See Jennings v. Towers Watson*, 11 F.4th 335, 341 (5th Cir. 2021) (noting that briefs of pro se parties are entitled to liberal construction).

After determining that summary judgment for Ridgewells was merited, the district court entered final judgment on August 8, 2023. Gibson moved for reconsideration on September 12, 2023, outside the 28-day timeframe prescribed for such motions by Federal Rule of Civil Procedure 59(e). Because untimely post-judgment motions do not affect the time for filing an appeal, *Knapp v. Dow Corning Co.*, 941 F.2d 1336, 1338 (5th Cir. 1991), Gibson had 30 days from August 8, 2023, to appeal the court's summary judgment, *see* Fed. R. App. P. 4(a)(1)(A). Because she failed to do so, we lack jurisdiction to consider an appeal of the underlying judgment for Ridgewells. *See Moody Nat'l Bank of Galveston v. GE Life & Annuity Assurance Co.*, 383 F.3d 249, 250 (5th Cir. 2004).

Treating Gibson's appeal as contesting the district court's denial of her untimely motion for reconsideration, after reviewing the parties' briefs and the record, we discern no reversible error in the district court's ruling and therefore affirm. *See* 5th Cir. R. 47.6.

Finally, Gibson moves for appointment of counsel. Though federal courts have discretion to appoint counsel to advance the proper administration of justice, Gibson fails to make a showing that appointment of counsel is warranted in this case. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). We therefore DENY her motion to appoint counsel.

AFFIRMED.